POWERS *versus* INHABITANTS OF SANFORD.

Without it appears from the proceedings of a legal meeting of the members of a school district, to raise money for a specific purpose, that the majority were opposed to raising *any* sum, or a *less* sum than that proposed, there is no such disagreement as will authorize the town to assess a tax upon the district for the purpose designated. The mere refusal to vote for one sum named will not confer jurisdiction upon the town.

Thus a tax assessed upon the polls and estates of the members of a school district, by authority of the town, where no *such disagreement* appeared, is unauthorized and void.

And a member of such district whose property is taken to pay such illegal tax, may recover it back of the *town.*

Such action would only lie against the *district* where it was proved that the tax had been received and applied to the use of its members.

By c. 14, § 56, as amended, the assessors of towns who are required to assess any tax upon a school district are liable only for their own personal faithfulness and integrity, and further liabilities, if any, shall rest solely with such *school district.*

This enactment imposes no responsibility upon the district, for the errors committed by the town.

ON REPORT from *Nisi Prius.*

ASSUMPSIT.

The plaintiff's property was taken and sold for a tax

assessed against him, under a warrant from the assessors of Sanford.

He was an inhabitant of School District No. 5, in Sanford, and was assessed for his poll and estate to the amount of $27,31, and refused to pay it.

At a meeting of that district, called on March 19, 1851, under an appropriate article in the warrant was this vote : " Second, on motion, voted to see if they would raise the sum of three hundred dollars' to defray the expenses of building a school house in said district the present year. Nine in favor and nine against."

Other articles as to the building and location of a school house received a similar vote.

Within thirty days after this meeting, more than five voters of the district made application in writing to the selectmen, to insert in the warrant calling the next annual meeting of said town, an article requiring the opinion of the town on the subject of the said disagreement.

In the warrant for the next annual meeting, was this article :— " To see if the town will grant the petition of Geo. Chadbourne and others, requiring the opinion of the town on this subject of disagreement, as to raising money for the erection and building a school house for School District No. 5, in said town, and that said town may take such action as law and justice shall appertain."

Under this article the town " voted to raise $250,00 on School District No. 5, in Sanford, to build a school house in said district.

The assessment was made in pursuance of this vote, and no question arose as to the time of making it or demand of the taxes, nor that plaintiff demanded it of the treasurer of the town while the money was in his hands.

If the action could be maintained, defendant was to be defaulted for $27,81, and interest and costs; if not, plaintiff to become nonsuit.

*Eastman & Leland,* for defendants.

1. The town were empowered to assess this tax by virtue

of the school district proceedings of March 19. Ch. 193 of laws of 1850, art. 2, § 12.

The requirement to appoint in writing three suitable men of the district, a committee to superintend the expenditure, is merely *directory.* If the tax is properly assessed, an omission of the latter requirement will not make the previous act void.

2. The money raised in the case at bar, was not raised, collected or appropriated to the use of the *town* in its corporate capacity. The town was the mere trustee of the money thus raised. Ch. 193 of Acts of 1850, art. 3, § 7.

The duties required of towns in cases of this character are merely *ministerial.* *Perry* v. *Dover,* 12 Pick. 206.

3. But if there are irregularities in the proceedings, no action can be maintained against the town; the remedy, if any, is against the school district. *Perry* v. *Dover,* above; *Little* v. *Merrill,* 10 Pick. 543; *Gage* v. *Currier & al.,* 4 Pick. 399; *Inglee* v. *Bosworth & al.,* 5 Pick. 498; *Trafton* v. *Alfred,* 15 Maine, 258; *Soper* v. *Livermore,* 28 Maine, 193; *Tucker* v. *Wentworth,* 35 Maine, 393; *Taft* v. *Wood,* 14 Pick. 362.

*Kimball,* with whom was *N. D. Appleton,* for plaintiff, that the action was properly brought against the town, cited R. S., c. 14, § 56; *Stetson* v. *Kempton,* 13 Mass. 272; *Sumner* v. *1st Parish in Dorchester,* 4 Pick. 363; *Nelson* v. *Milford,* 7 Pick. 26; *Perry* v. *Dover,* 12 Pick. 206; *Little* v. *Merrill,* 10 Pick. 543.

That the vote of the town was unauthorized and illegal. Ch. 193 of Acts of 1850, art. 2, § 12. It did not appear the town had jurisdiction. There was no subject of *disagreement* presented.

SHEPLEY, C. J. — In a meeting of the voters of school district No. 5, in Sanford, holden on March 19, 1851, called by virtue of a warrant containing articles to see if they would build a school-house the present year, and to see if they would raise a sufficient sum of money to defray the

expenses of building it, a motion appears to have been made to raise the sum of $300 for that purpose, upon which there was an equal division.

When at a legal meeting of a school district called for raising money for any particular purpose, "a majority of the legal voters present shall be opposed to the raising of any sum of money deemed by the minority sufficient for that purpose," the selectmen of the town upon a proper application, are by statute required to insert in their warrant for calling the next town meeting on town affairs, an article requiring the opinion of the town on the subject of disagreement in the district. "And if the town at such meeting shall think it necessary or expedient, they may require a sum sufficient for the purpose aforesaid, if exceeding what said district were willing to raise, to be assessed on the polls and estates in such district." Act of 1850, c. 193, § 12, art. 2.

The opinion of the town is to be required "on the subject of disagreement, * * * * for raising money for any particular purpose." The only disagreement in the district respecting raising money, was upon a motion made to raise $300. There does not appear to have been any vote or disagreement, whether $250, or any other sum less than $300 should be raised.

The town is not authorized by the statute to act except by way of appeal, and upon a question on which the district has acted. The town in such case may require a sum to be assessed, which it may deem sufficient, although it may exceed the amount which the district was willing to raise. If by its refusal to raise a smaller sum an inference might be drawn that it had also refused to raise any larger sum than the town deemed expedient; a refusal to raise a larger sum would not authorize an inference, that it had refused to raise any less sum.

It does not appear in this case to have been the subject of disagreement in the district, whether any sum less than

$300 should be raised. Nor does it appear, that the district refused to raise any sum whatever.

The town does not therefore appear to have acted upon any subject of disagreement in the district, and its acts in requiring an assessment of $250 were unauthorized and illegal. It does not appear from the article inserted in the warrant for calling the town meeting, what the disagreement in the district was, upon which the opinion of the town was required.

It having been illegally raised and assessed, not by the district, but by the authority of the town, the money never became the property of the district. It was not held by the town or its treasurer as the property of the district. No action could be maintained against the district to recover any part of it without proof that it had been received and applied to its use.

By the provisions of the statute, c. 14, § 56, as amended, the assessors of a town, who are required to assess a tax upon a school district, are exempted from any personal liability, when they act with faithfulness and integrity; and any further liability is to rest solely upon the district. But this does not exempt the town from liability incurred by its own acts, or make the district liable for the errors of the town.

Nor does the case of *Trafton* v. *Alfred*, 15 Maine, 258, or that of *Perry* v. *Dover*, 12 Pick. 206, decide, that an action could not be maintained against a town upon facts similar to those presented in this case. In each of those cases the money was raised by vote of the district; and the assessors of the town made the assessment upon presentation of a certificate of the clerk of the district. The town had not voted to raise the money; and it was not assessed or collected by authority derived from it.

*Defendants defaulted.*